**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

CASE NO.: 1:26-cv-01436

| | | |
|---|---|---|
| HOTEL FINANCE PARTNERS, INC., | § | |
| | § | |
| v. | § | |
| | § | |
| TERESA CAVALLO, as Executrix of the | § | NOTICE OF REMOVAL OF |
| Estate of Richard Imperatore. | § | CIVIL ACTION |
| | § | |

## <u>NOTICE OF REMOVAL</u>

Teresa Cavallo, as Executrix of the Estate of Richard Imperatore, the Defendant in this civil action, hereby removes this civil action captioned *Hotel Finance Partners, Inc. v. Teresa Cavallo*, Case No. 2026CV30022, from the District Court, Chaffee County, Colorado to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support, Ms. Cavallo states:

1.    Plaintiff, Hotel Finance Partners, Inc., filed this action in the District Court, Chaffee County, Colorado on March 25, 2026. Plaintiff's Complaint is Exhibit A to this Notice of Removal.

2.    The Clerk's Summons to Ms. Cavallo is Exhibit B to this Notice of Removal.

3.    Ms. Cavallo, through counsel, executed a waiver and acceptance of service indicating that Ms. Cavallo was served on March 31, 2026. That executed waiver is Exhibit C to this Notice of Removal.

4.    Thus, this Notice of Removal is filed timely. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by

63834479.1

the defendant, through service").

5.    Plaintiff's Complaint brings claims against Defendant for (1) Spurious Lien; and (2) Slander of Title.

## DIVERSITY OF CITIZENSHIP

6.    The United States District Court for the District of Colorado has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship among the parties. Plaintiff Hotel Finance Partners is a Texas corporation with its principal place of business in Colorado and is therefore a citizen of Texas and Colorado for purposes of 28 U.S.C. § 1332. Ex. A, Compl., Ex. D.

7.    Mr. Imperatore was a citizen of the state of New York and Ms. Cavallo, acting as executrix, is deemed to be a citizen of New York even though her actual residence is in New Jersey. 28 U.S.C. § 1332(c)(2). A declaration of Ms. Cavallo attesting to the citizenship of Mr. Imperatore is attached to this Notice as Exhibit D.

## AMOUNT IN CONTROVERSY

8.    To meet the jurisdictional requirement under 28 U.S.C. § 1332, Defendant must establish that Plaintiff's damages could exceed $75,000 exclusive of interest and costs.

9.    Here, Plaintiff has stated that it is "seeking a monetary judgment against [Defendant] of more than $100,000.00, exclusive of interest and costs[.]" In support of that representation, Plaintiff, through counsel, certified "in compliance with [Colo. R. Civ. P.] 11, based on the information reasonably available to [Plaintiff] … that the value of [Plaintiff's] claims against [Defendant] is reasonably believed to exceed $100,000." Ex. G; *see Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("notice of removal need

include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). The amount in controversy may be determined by reference to a civil cover sheet. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016) (civil cover sheet gives notice of amount in controversy for removal purposes); *Estrada v. Martin Marietta Materials, Inc.*, 2020 WL 1303287, at *2 (D. Colo. March 19, 2020) ("district courts in Colorado have found the representations of the Civil Cover Sheet sufficient to support removal.") (collecting cases).

## ALL PROCEDURAL REQUIREMENTS ARE PRESENT

10.     This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity between the parties, and the amount in controversy exceeds $75,000. Accordingly, the above-entitled action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

11.     Defendant will file her responsive pleading to the Complaint within 7 (seven) days of this removal being filed or 21 (twenty-one) days after service, whichever is longer. Fed. R. Civ. P. 81(c)(2).

12.     On March 30, 2026 (the day before service was attempted), the state district court set a hearing on an ex parte application to show cause under C.R.S. § 38-35-204. Ex. E. The hearing is set for May 1, 2026, at 1:30 p.m. Pursuant to Local Rule 81.1, Ms. Cavallo, contemporaneous with the filing of this notice, has notified the state judge of the removal. D.C.COLO.LCivR 81.1.

13.     If any questions arise as to the propriety of the removal action, Ms. Cavallo respectfully requests the opportunity to present a brief oral argument in support of her position

that this case is removable.

14.    In accordance with 28 U.S.C. § 1446(d), a Notice of Removal will be filed with the District Court for Chaffee County, Colorado, where the action was originally filed, and copies of the Notice of Removal will be served upon Plaintiff's counsel.

15.    Ms. Cavallo is the only Defendant, and thus no consent of any other defendant is needed.

16.    Venue is proper because Hotel Finance Partners filed its Complaint in the District Court for Chaffee County, Colorado and because this Court sits in the federal judicial district embracing that county. *See* 28 U.S.C. §§ 1391, 1441(a), and 1446(a).

17.    Ms. Cavallo reserves all rights, including but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for *e.g.*, failure to state a claim for relief. The filing of this Notice of Removal is subject to and without waiver of any such defenses and objections. Ms. Cavallo also reserves the right to amend or supplement this Notice of Removal.

18.    The register of actions from the state court action downloaded from the Colo. Courts E-Filing System on April 3, 2026, is Exhibit F to this Notice of Removal.

19.    A Civil Cover Sheet for this Notice of Removal is attached as Exhibit G.

## CONCLUSION

Removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

WHEREFORE, Ms. Cavallo respectfully gives notice that the civil action pending in the

63834479.1                                          4

District Court, Chaffee County, Colorado is removed to the United States District Court for the

District of Colorado pursuant to U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted this 3rd day of April, 2026.

FENNEMORE CRAIG, P.C.

By:  */s/ John M. McHugh*

John M. McHugh, Reg. No. 45456
Maximillian Pasowicz, Reg. No. 57278
Caitlin D. McGilchrist, Reg. No. 62299[1]

*Attorneys for Defendant Teresa Cavallo*

---

[1] Ms. McGilchrist's application for admission to this Court is currently pending.

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, the foregoing was filed and served via the Court's CM/ECF which will send notification of such filing to all counsel of record.

<em>/s/ John M. McHugh</em><br>John M. McHugh